UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GRACE N. KNEEBUSCH,

    Plaintiff,

vs.                                                    Case No. 8:06-cv-1976-T-17TBM

MUTUAL OF OMAHA
INSURANCE COMPANY,

    Defendant.
_____/

## ORDER ON PLAINTIFF'S MOTION TO REMAND

This cause comes before the Court on Plaintiff's motion to remand (Dkt. 11), filed on November 11, 2006. Defendant filed a memorandum in opposition (Dkt. 13) on November 30, 2006. For the reasons set forth below, Plaintiff's motion for remand is granted.

BACKGROUND

Plaintiff initially filed this action in the Circuit Court of the Sixth Judicial Circuit in and for Pinellas County, Florida, on November 1, 2005. (Dkt. 11)  Defendant answered the complaint and discovery proceeded. Defendant received Plaintiff's responses to its request for admissions on October 4, 2006. Those responses were allegedly the first indication to Defendant that the amount in controversy exceeded $75,000.00, thereby enabling the removal of the case to federal court. Defendant filed a notice of removal on October 24, 2006, within thirty (30) days of receiving the responses and within one year of the filing of the action.

1

There is no dispute as to the existence of diversity of citizenship. The issue in dispute is whether the amount in controversy exceeds $75,000.00, and if so, whether the proper procedure was followed in removing the case to federal court.

## STANDARD O F REVIEW

The plaintiff is the master of his complaint and is free to choose federal or state jurisdiction. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). However, removal of a civil case to federal jurisdiction can be effected by the defendant pursuant to 28 U.S.C. § 1441 (2000). The burden of demonstrating that a federal district court has jurisdiction is on the defendant seeking removal. Cabalceta v. Standard Fruit Co., 883 F.2d 1553, 1561 (11th Cir. 1989). A federal district court must determine whether it had subject matter jurisdiction at the time of removal. Poore v. American-Amicable Life Ins. Co., Inc., 218 F.3d 1287, 1290-1291 (11th Cir. 2000). A federal district court must remand to state court any case that was removed improperly or without necessary jurisdiction. Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994). The removal statutes must be narrowly construed, and uncertainties are to be resolved in favor of remand. Whitt v. Sherman Int'l Corp., 147 F.3d 1325, 1329 (11th Cir. 1998).

## DISCUSSION

The subject matter jurisdiction of this Court includes "all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs" and is based on diversity of citizenship. 28 U.S.C. § 1332(a). Here, the parties meet the element of complete diversity of citizenship because Plaintiff is a citizen of Florida, and Defendant is a citizen of Nebraska. Thus, to establish subject matter

jurisdiction, the question remains whether there exists the requisite amount in controversy.

In her complaint, Plaintiff generally alleged damages in an amount greater than $15,000.00. (Dkt. 2).  Fifteen thousand dollars is the requirement for amount in controversy in state circuit court in Florida.  In the ad damnum clause of the complaint, she requested "…damages, attorney (sic) fees, costs, and prejudgment interest…", but with no dollar value affixed to any of those items. Id.  On October 4, 2006, in her response to Defendant's request for admissions, Plaintiff answered requests number 1 and 2 stating that she sought benefits only for the period up to and including the date of filing of this action. (Dkt. 1, Exh. B).  Plaintiff answered requests number 4 and 6 stating that she sought disability benefits for the period April 2004 through the present and continuing. Id.

Defendant claims that the amount in controversy exceeds $75,000.00 based on Plaintiff's complaint and admissions. (Dkt. 13).  Defendant admits that the amount of retroactive benefits sought by Plaintiff amount "to $47,500.00 ($2,500.00 x 19 months from April 16, 2004 to November 1, 2005)." (Dkt. 13).  However, Defendant then adds "continually accruing" benefits from November 1, 2005 through present to arrive at an amount that exceeds $75,000.00.  Both parties correctly agree that attorney's fees are to be included in the computation as well. (Dkt. 11, 13).

Defendant argues that the amount that Plaintiff seeks is what determines the amount in controversy.  Because Plaintiff did not seek a specified amount, Defendant further argues that the combination of Plaintiff's failure to stipulate damages beneath the jurisdictional requirement, Plaintiff's complaint, and Plaintiff's responses to Defendant's

3

request for admissions is sufficient to establish, by a preponderance of the evidence, that the amount in controversy exceeds the statutory requirement for purposes of removal. (Dkt. 13). This Court disagrees.

When the amount sought is undefined, the burden rests upon the defendant to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.00. Leonard v. Enter. Rent a Car, 279 F.3d 967, 972 (11th Cir. 2002). Plaintiff's refusal to stipulate, standing alone, does not meet that burden. Williams v. Best Buy Co., Inc., 269 F.3d 1316, 1320 (11th Cir. 2001).

Defendant has presented evidence in addition to the stipulation in an attempt to establish the amount in controversy by a preponderance of the evidence. However, binding case law limits Plaintiff's claim for benefits to the date of filing of the action and the time preceding the filing. A plaintiff cannot recover disability benefits that accrue between the filing of a legal action and the date of the verdict. Mutual Life Ins. Co. v. Knight, 178 So. 898, 900 (Fla. 1938). Defendant cited an unreported case, Field v. Nat'l Life Ins. Co., in support of its position that disability benefits that accrue after the complaint is filed are part of the amount in controversy. Not Reported in F. Supp. 2d, 2001 WL 77101 (M.D. Fla. Jan. 22, 2001). Unreported cases are merely persuasive, not binding. This Court therefore relies on the aforementioned binding cases in reaching a conclusion.

Plaintiff's damages were thus limited by law at the time of removal, and Plaintiff cannot through this action recover damages for any time after November 1, 2005, the date of filing. Given that limitation, by Defendant's own calculations, the maximum damages in controversy are $47,500.00.

4

Attorney's fees can also be included in the amount in controversy. This Court has the discretion to award attorney's fees under Florida Statute § 627.428. Assuming, *arguendo*, that attorney's fees were awarded, the maximum contingency fee amount in Florida is 40% of an award. Even at 40% of $47,500.00, the maximum award Plaintiff could collect, the fees would be $19,000.00. When $19,000.00 in fees is added to the $47,500.00 in damages, the result is only $66,500.00, well below the jurisdictional requirement. Alternatively, Plaintiff's attorney notes that at an hourly rate of $275 per hour, 100 hours would be required for the damages and attorney's fees to meet the jurisdictional requirement. Plaintiff's attorney states that "absent extraordinary circumstances", he will not expend 100 hours to represent Plaintiff. (Dkt. 11).

This Court finds that the damages and attorney's fees will not meet the amount in controversy jurisdictional requirement. Therefore, this Court does not have subject matter jurisdiction and this case will be remanded. This Court does not reach the question of whether Defendant followed proper procedure in the removal.

ATTORNEY'S FEES AND COSTS

Plaintiff seeks reimbursement of attorney's fees and costs pursuant to 28 U.S.C. § 1447(c). The award of attorney's fees and costs under this section is discretionary with the trial court. <u>IMCO USA, Inc. v. Title Ins. Co. of Minn.</u>, 729 F. Supp. 1322, 1324 (M.D. Fla. 1990). This Court finds that there were sufficient facts and question of applicable law to warrant Defendant's Motion for Removal and an award of attorney's fees to Plaintiff is unwarranted. Accordingly, it is

**ORDERED** that the Plaintiffs Motion to Remand be **GRANTED**, award of attorney's fees be **DENIED**, and the Clerk of the Court is **DIRECTED** to remand this case to the Circuit Court of the Sixth Judicial Circuit in Pinellas County, Florida. The Clerk of Court shall close this case and terminate all pending motions.

**DONE AND ORDERED** in Chambers at Tampa, Florida, this 18th day of April, 2007.



ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: All parties and counsel of record